# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA § | | |
| § | | |
| vs. § | Case No. 4:04cr116 | |
| § | (Judge Schell) | |
| DANIEL BRADLEY REYNOLDS (5) § | | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 16, 2010, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Jay Johnson.

On June 28, 2005, Defendant was sentenced by the Honorable Paul Brown to ninety-six (96) months' custody followed by three (3) years of supervised release for the offense of Conspiracy to Manufacture, Distribute or Possess with Intent to Manufacture, Distribute or Dispense Cocaine Base. Pursuant to 18 U.S.C. § 3582(c)(2), the sentence of imprisonment was reduced to seventy-seven (77) months. On January 14, 2009, Defendant completed his period of imprisonment and began service of his supervised term.

On August 19, 2010, the U.S. Pretrial Services Officer executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following mandatory conditions: (1) that he not commit another federal, state, or local crime; and (2) that he shall refrain from any unlawful use of a controlled substance and the defendant shall submit to one drug test within fifteen days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer. The petition asserted that Defendant violated the following

standard condition: he shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or paraphernalia related to such substances, except as prescribed by a physician.

Prior to the Government putting on its case, Defendant entered a plea of true to these three violations by admitting that he was arrested on May 17, 2009, for public intoxication and tested positive for opiates on July 18, 2009, and for marijuana on May 6, 2010. All remaining factual allegations were dismissed by agreement of the parties. The Court recommends that Defendant's supervised release be revoked.

## **RECOMMENDATION**

The Court recommends that the District Judge revoke Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months with no supervised release to follow. It is also recommended that Defendant be housed in the Bureau of Prisons, Seagoville Unit.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing. Defendant and the Government also waived their right to file objections.

**SIGNED this 17th day of September, 2010.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE